# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

_____

JONTAE ARON AUSTIN
FISCHIETTIE,

      Plaintiff,

v.                                    Case No. 2:24-cv-02353-MSN-tmp

SHELBY COUNTY, TENNESSEE

      Defendant.

_____

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

Before the Court is the Chief Magistrate Judge's Report and Recommendation (ECF No. 18, "Report"), filed on November 15, 2024, recommending the Defendant's Motion to Dismiss (ECF No. 15) be granted and the Plaintiff's Amended Complaint (ECF No. 10, "Complaint") be dismissed with prejudice on all claims.  Plaintiff filed timely objections on November 24, 2024. (ECF No. 19.)  For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Chief Magistrate Judge's Report in its entirety.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the

evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

The Chief Magistrate Judge recommends dismissal of Plaintiff's claims on multiple, independent grounds. First, the Chief Magistrate Judge found that this Court lacks jurisdiction under the Rooker-Feldman doctrine. Alternatively, even if the Rooker-Feldman doctrine were

inapplicable, the Chief Magistrate Judge determined that Plaintiff's claims fail on the merits. The Court agrees with the conclusions.

Plaintiff raises several objections to the Chief Magistrate Judge's Report, arguing that: (1) the Rooker-Feldman doctrine does not apply to his claims; (2) his claims are against the County and not against a state court judge; and (3) Tennessee Rule of Civil Procedure 38.03 violates his constitutional rights.

## A.    Application of Rooker-Feldman Doctrine

Plaintiff contends that the Rooker-Feldman doctrine does not apply because his claims are for civil rights violations and not an attempt to have this Court review state court orders. (ECF No. 19 at PageID 242–44.) This argument is unavailing. At its core, Plaintiff's Complaint and subsequent objections challenge the procedural decisions of his state court case—specifically, the denial of a jury trial.[1] The Sixth Circuit has consistently held that such procedural challenges fall within the scope of Rooker-Feldman. *See Hall v. Callahan*, 727 F.3d 450, 453–54 (6th Cir. 2013) (affirming dismissal of plaintiff's § 1983 claims against state court judges for alleged procedural errors). Plaintiff's attempt to recharacterize his claims does not alter their nature. The Court agrees with the Chief Magistrate Judge's analysis and finds that Rooker-Feldman bars Plaintiff's claims.

## B.    Claims Against the County

Plaintiff asserts that his claims are properly brought against Shelby County and not a state court judge. (ECF No. 19 at PageID 244–46.) This argument fails. As the Chief Magistrate Judge correctly found, Shelby County Circuit Court judges are state employees, not county employees. *See Clark v. Skahan*, No. 07-2294-B/V, 2007 WL 2688553, at *3 (W.D. Tenn. Sept.

---

[1] Plaintiff's Amended Complaint (ECF No. 10) alleges injuries directly stemming from the state court's decisions in two cases, CT-1601-19 and CT-1250-20, which Plaintiff asserts violated his rights to a jury trial.

11, 2007) (citing Tenn. Code Ann. §§ 8-23-103, 8-26-101(a), 16-1-101, 16-2-506(30)(A), 16-10-101). The law on this point is well-settled. Therefore, Plaintiff cannot maintain his claims against the County based on actions taken by a state court judge during state proceedings.

Plaintiff's additional argument that the County may be held liable under a theory of vicarious liability for the actions of its "agents-in-effect" (ECF No. 19 at PageID 245) is similarly without merit. To hold a municipality liable under § 1983, a plaintiff must demonstrate that the unlawful action was taken pursuant to a municipal policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Gregory v. Shelby Cnty.*, 220 F.3d 433, 441 (6th Cir. 2000). Plaintiff has failed to identify any County policy or custom that caused his alleged injuries; rather, his claims stem entirely from judicial decisions made by a state court judge acting in the judge's official capacity. Accordingly, Plaintiff's argument is without merit.

## C.    Constitutionality of Tennessee Rule 38.03

Plaintiff challenges Tennessee Rule of Civil Procedure 38.03, asserting violations of both the Seventh Amendment of the United States Constitution and Article, I, Section 6 of the Tennessee Constitution. (ECF No. 19 at PageID 246–47.) This argument is without merit. As the Chief Magistrate Judge correctly concluded Rule 38.03 cannot violate the Seventh Amendment because the Seventh Amendment does not apply to state court proceedings. *See Minneapolis & St. Louis R.R. v. Bombolis*, 241 U.S. 211 (1916).

Plaintiff's challenge to the constitutionality of Tennessee Rule of Civil Procedure 38.03 under the Tennessee Constitution is similarly misplaced. A federal district court is not the appropriate forum for determining whether a state rule of civil procedure violates a state's constitution. This is a matter that must be addressed by the state courts, which are the final arbiters of state laws and constitutions. *Danforth v. Minnesota*, 552 U.S. 264, 291 (2008) (Roberts, C.J.,

dissenting); *accord White v. Steele*, 602 F.3d 707, 711 (6th Cir. 2009) (citing *Thompson v. Bock*, 215 F. App'x 431, 436 (6th Cir. 2007) (unpublished)).

**D.    Other Objections**

Plaintiff's remaining objections either reiterate argument addressed in the Report or lack the specificity necessary to warrant further review. *See Miller*, 50 F.3d at 380. These objections are without merit. Accordingly, these objections are overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections (ECF No. 19) are **OVERRULED**, and the Chief Magistrate Judge's Report and Recommendation (ECF No. 18) is **ADOPTED** in its entirety. Accordingly, Defendant's Motion to Dismiss (ECF No. 15) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of December, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE